V. P. NOYES AND B. B. SMALLEY *v.* C. M. ROCKWOOD AND S. A. SPOONER.

*Promissory Note. Covenants in Deed. Practice. Court. Jury. Foreclosure of Mortgage. Effect of, as to Notes not in Decree.*

1. It is no defence to a note given for real estate occupied by a lessee, who illegally refuses to surrender possession: as the covenants in a deed are not against *fictitious* claims.

2. Nor is it a defence, that the mortgage securing this with other notes had been foreclosed, the decree not including the note in suit, and, after the foreclosure had become absolute, the mortgagees had sold the premises, but for a less sum than the amount of the decree.

3. When there is no evidence to support an issue, it is not error for the court to withdraw such issue from the consideration of the jury.

4. A statement in exceptions that a certain fact *appeared*, is equivalent to stating that there was no controversy in regard to it.

ASSUMPSIT. Plea, general issue, with notice. Trial by jury, April Term, 1883, TAFT, J., presiding. Verdict for the plaintiffs.

Noyes and Smalley *v.* Rockwood and Spooner.

*W. L. Burnap,* for the plaintiffs, cited, 2 Jones Mort. ss. 950, 1505, 1561; *Dinsmore* v. *Savage,* 68 Me. 191; *Underwood* v. *Birchard,* 47 Vt. 305; *Smith* v. *Lamb,* 1 Vt. 395; *Lovell* v. *Leland,* 3 Vt. 581.

*A. V. Spaulding,* for the defendant, cited *Rogers* v. *Judd,* 6 Vt. 191; *Jones* v. *Booth,* 10 Vt. 268; *Lindsay* v. *Lindsay,* 11 Vt. 621; *Sessions* v. *Newport,* 23 Vt. 9; *Riley* v. *Wheeler,* 42 Vt. 328; 46 Vt. 558; Cooley Torts, 663; 2 Hill. Mort. 230, 240; 2. Jones Mort. 950.

The opinion of the court was delivered by

Ross, J. I. The defendants contend that the County Court erred in directing a verdict for the plaintiffs on the issue, whether there was an incumbrance in an outstanding lease on the premises for which the note in suit was given, at the time the premises were conveyed by the plaintiffs to the defendant Rockwood. This action of the County Court was erroneous if there was any evidence in the case tending to establish this issue in favor of the defendants. The exceptions disclosed no such evidence. It is there stated that it *appeared* that by the terms of the lease the lessee was to surrender possession of the premises " whenever and to whomsoever a sale of the premises should be effected by the plaintiffs." A statement in exceptions that a certain fact appeared, is equivalent to stating that there was no controversy in regard to such fact. This statement in the exceptions, therefore, shows that the lease by its terms expired immediately· upon. the sale of the premises by the plaintiffs. Upon the execution of the conveyance, the defendants had a legal right to the possession of the premises. The fact that the lessee refused to surrender possession of the premises to the defendants upon demand, does not, as against the statement in the exceptions in regard to the terms of the lease, tend to show an incumbrance upon the premises in an outstanding elder title, at the time of the conveyance. It simply tends to show that such refusal by the lessee was illegal, and against the rights of

the defendants under their conveyance from the plaintiffs. The covenants in a deed are not that illegal or ficticious claims shall not be set up against the premises conveyed, but that no legal claims exist against them. There was no error in the action of the County Court in withdrawing this unsupported issue from the consideration of the jury.

II. The note in suit, with others, was secured by mortgage. The plaintiffs foreclosed the mortgage and in ascertaining the sum due in equity thereon did not include this note. The defendants did not redeem the premises, and the foreclosure became absolute. The plaintiffs subsequently sold the premises foreclosed for considerably less than the amount found due in equity not including the note in suit. On these facts the defendants asked the County Court to direct a verdict in their favor, and contend that its refusal was error.

This contention they urge upon the claimed ground that as the plaintiffs had, by the sale of the foreclosed premises, put the premises beyond their control, so they could not restore them to the defendants, if the defendants should elect now to redeem by paying the entire mortgage debt, they have barred their right to maintain a suit at law on the note. We do not think that this contention can be maintained. If the plaintiffs owned the note in suit—and there is nothing to show they did not, and as the note is payable to them and now found in their possession, the legal presumption is that it has always continued in their possession—at the time they brought the foreclosure proceedings and intentionally withheld the same in ascertaining the sum due them in equity under the mortgage, they thereby waived any right thereafter to pursue the mortgage premises, under the mortgage for the payment of the note. The note thereafter stood unaffected by the mortgage, or by any proceedings to enforce payment of the other notes secured thereby.

The ascertaining of the sum due in equity in foreclosure proceedings is an adjudication that the sum found, and for which decree is had, is the true sum due, and to become due the orators

under the mortgage sought to be foreclosed, and binds both parties to such proceedings.

An orator cannot divide up an entire claim secured by a mortgage, though evidenced by different notes, which he owns and holds at the time he enforces the mortgage to compel payment of the debt secured thereby. If the ownership of the notes have become severed, and the mortgage is foreclosed by one such owner, the ascertaining the sum due such orator would not bring into adjudication the notes secured by the mortgage which were then held by other owners. Ordinarily the mortgagee by proper steps and proceedings can compel such other owners to become parties to the foreclosure proceedings. The general rule is, that all persons interested in the subject-matter in equity proceeding must be made parties thereto. One of the grounds of equity jurisdiction is the prevention of a multiplicity of suits, whether at law or in equity. On this view of the law and facts. the defendants only had to pay the sum found due the plaintiffs in the foreclosure suit to have freed the premises of the mortgage, and by failure to have the note included in the sum due them under the mortgage, the plaintiffs lost all right to have the mortgage longer stand as security for its payment. Hence a suit on it now, does not touch the foreclosure proceedings. In *Lovell* v. *Leland*, 3 Vt. 581, the note in suit was not included in the foreclosure of the mortgage ; but the orators in the foreclosure did not own the note. In such a case the owner of the note, unless there was some special agreement to the contrary at the time the ownership of the notes secured by mortgage was severed, would be entitled to share in the security *pro rata*, in whosoever's name the mortgage might stand, or be foreclosed. If, however, it be conceded that the note in suit is still secured by the mortgage, we do not understand that the mere sale of the mortgage premises, by the mortgagee, after the time of redemption has expired, bars his right to recover, on the indebtedness secured by the mortgage, the excess of such indebtedness above the value of the mortgage premises at the time the equity of redemption becomes foreclosed. The foreclosure remains com-

plete until the mortgagor moves to have the decree opened by bringing a bill to redeem, or tendering payment of the entire mortgage debt. In such a case if the mortgagee has parted with the mortgage premises, so that it is not in his power to return the mortgage premises, doubtless, equity would either compel the mortgagee to put the mortgagor in substantially as good condition as if the mortgage premises were returned, or forego his suit to recover the excess of the mortgage debt. It is only such excess that the mortgagee can recover so long as he holds the mortgage premises, or the pay for them. When the mortgagor elects to redeem, the mortgagee has a right to the entire mortgage debt.

Judgment affirmed.