ALBERT F. DeMONTAGUE vs. SOLOMON BACHARACH
& another.

Suffolk.    November 14, 1901. — April 7, 1902.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

*Contract*, Implied, Rescission.

One cannot recover for money paid and labor performed under an oral agreement
within the statute of frauds without showing that the contract was unenforce-
able by reason of the defendant setting up the defence of the statute.

One who has enjoyed for ten months the privilege of conducting a restaurant in
connection with the bar room of another under an agreement with the pro-
prietor of the bar room giving him such privilege for two years, if the proprietor
turns him out in violation of the agreement, cannot rescind the contract and
recover back the payments made under it, because he cannot return the benefits
he has received.

CONTRACT upon an account annexed of forty-seven items,
twenty-five for ten per cent of the gross receipts of a restaurant
amounting to $430.43, ten for money paid for gas bills amount-
ing to $218.76, nine for electric light bills amounting to $89.03,
one for money paid as salary of a porter amounting to $128,
one for extra help employed for the benefit of the defendants
amounting to $287, and one for labor performed and furnished
by the plaintiff as superintendent at the request of the defend-
ants amounting to $375.    Writ dated August 21, 1899.

The answer consisted of a general denial and an allegation of
payment.    There was also a declaration in set-off.

At the trial in the Superior Court before *Aiken,* J., the jury
returned a verdict for the plaintiff in the sum of $506.15; and
the defendants alleged exceptions.

*H. H. Baker*, (*W. A. Hayes* with him,) for the defendants.

*J. J. McCarthy*, (*C. J. Rolfe* with him,) for the plaintiff.

LORING, J.    The defendants in this case were the lessees of
a basement fitted up in part as a bar for the sale of liquor and
in part as a restaurant.    In pursuance of an oral agreement be-
tween the plaintiff and the defendants, the plaintiff ran the res-
taurant for his own account from August 1, 1898, to July 1,
1899.    There was a direct conflict in the evidence of the two as

to the terms of the oral agreement, and also as to whether the plaintiff left voluntarily or was put out by the defendants. Soon after he left, the plaintiff brought this action in which he seeks to recover from the defendants all the sums paid by the plaintiff for the privilege of running the restaurant, for gas and electric light bills paid by him, and also for some work done at the defendants' request; these amounted to $1,528.22; the defendants declared against the plaintiff in set-off for the reasonable value of the use of the restaurant and the utensils belonging to them and for gas and electric light bills incurred by the plaintiff, which they had to pay, amounting in all to $3,082.57. The case went to an auditor, whose report is not material. At the trial the plaintiff was given a verdict by the jury, and the case comes here on the defendants' exceptions.

The plaintiff's story was that he was to have the premises to the end of the defendants' lease which had about two years to run on August 1, 1898, when the plaintiff was let into possession. The defendants testified that the original agreement was that the plaintiff was to have the restaurant until January 1, 1899, and that there was no agreement as to the duration of the arrangement after that date. The conflict between the plaintiff and the defendants was not confined to the time during which the arrangement was to last, but extended to nearly every particular of the arrangement, and there was evidence that the agreement was changed from time to time while it lasted.

The jury were told that the first question for them to determine was what the agreement between the parties ultimately was, and the next question was, who ended the agreement; if the plaintiff ended it, he could recover nothing; but if the defendants ended it, " the plaintiff is entitled to fair remuneration for the benefits that he conferred upon the defendants"; and in ascertaining the amount due, if anything is due the plaintiff, a balance must be struck and, after ascertaining what remuneration is due the plaintiff for benefits conferred upon the defendants, there must be deducted therefrom the " benefits DeMontague enjoyed in the way of what is spoken of as rent, in the value of the enjoyment of the premises, and any other elements of benefit which appear in the papers and in the case

that he had while he was in occupation, and you set the two classes of benefits one against the other."

The plaintiff contends that he can keep his verdict on either one of two grounds, namely : First, that the contract was within the statute of frauds and under the finding of the jury was repudiated by the defendants ; and second, on the ground that he had a right to rescind the contract on the defendants' committing a breach of it.

But we are of opinion that neither ground is tenable.

The difficulty in the way of the plaintiff's keeping the verdict on the first ground is that, under the instructions of the presiding judge, the plaintiff is allowed to sue the defendants outside of the oral contract for all sums paid under it on the defendants committing a breach of it. If one renders value to another under an oral contract within the statute of frauds for which he has been paid nothing, he is entitled, on the defendant setting up the defence of the statute, to recover outside of the contract the market value of the property received under it. But this right of recovery does not arise on the defendant committing a breach of the contract without having set up that the oral agreement is not enforceable. In this case, there was evidence that the contract was within the statute of frauds, but there is no statement in the bill of exceptions that the defendants have ever set up the defence of the statute, and the jury were not told that the plaintiff's right to recover the sums sued for depended on the defendants having set up that the oral agreement was unenforceable.

In this case there was evidence that the contract was within the statute of frauds as a contract not to be performed within a year.

It was not a contract for an interest in land ; it was admitted that when the plaintiff first began to run the restaurant there was no division between the bar and the restaurant; the two were separated by a screen, and later on, when this screen was replaced by a partition, "an open space was left at each end of the partition, and patrons and servants could pass freely between the tables and bar, and customers at the tables were served with drinks from the bar. There was a toilet room in the corner beside the bar, which was used indiscriminately by the patrons of

both restaurant and bar. There were no separate doorways from the street to the bar and restaurant, but the doorways on both streets were used indiscriminately by the patrons of both bar and restaurant." The plaintiff himself testified that he "had no keys to the premises and they were opened and closed by the defendants' employees," and that when he asked the defendants for a lease, the defendants told him that his "lease that he had there would n't allow him to sublease to anybody else." Under these circumstances, although the sums to be paid to the defendants were spoken of as rent, it is plain on the admitted facts that he did not have an exclusive right to the possession of any part of the basement, but that this was a case where he had been given a license or privilege of running the restaurant on premises which remained in the legal possession of the defendants. *Johnson* v. *Wilkinson*, 139 Mass. 3. *White* v. *Maynard*, 111 Mass. 250, 253.

But if the arrangement was to continue for the residue of the term of the defendants' lease, the contract was within the statute as a contract not to be performed within a year.

It is not plain from the bill of exceptions what the course of the trial was in the case at bar. It is stated in the beginning of the bill that " the plaintiff claimed that the sums paid, labor performed and benefits conferred, as alleged in the account annexed, were paid, performed, furnished and conferred under a verbal contract within the statute of frauds, and repudiated by the defendants before being fully performed." Later it is stated that " during the progress of the trial the court intimating that the statute of frauds was not applicable, although not so ruling formally, the case proceeded, on the part of the defendants, in accordance with such intimation, and the case was in fact so conducted by the court." And finally, it is stated that the rest of the charge not set forth in the bill of exceptions has no bearing on the points raised by the defendants' exceptions, and contained no reference to the statute of frauds.

Although it is not plain what the course of the trial was, it is plain that, under the instructions given to the jury, they could have found that the plaintiff was entitled to recover all sums paid the defendants under the oral agreement on the defendants' committing a breach of that agreement without proof that the

defendants ever set up that the contract was unenforceable by reason of the statute of frauds, and we are of opinion that that was wrong and that the verdict cannot be supported on the first ground.

The second ground on which the plaintiff seeks to keep his verdict is that on the breach of the contract by the defendants, he was entitled to rescind the contract and recover from the defendants what he paid under it. But, as was said in *Handforth v. Jackson*, 150 Mass. 149, 154, in case a plaintiff wishes to rescind, the defendant is " entitled to have his property restored to him, not to have its value fixed by a jury," and it is settled that a plaintiff cannot rescind a contract on the defendant committing a breach of it, without putting the defendant *in statu quo*. *Leonard v. Morgan*, 6 Gray, 412. *Bassett v. Percival*, 5 Allen, 345. *Handforth v. Jackson*, 150 Mass. 149. *Marston v. Singapore Rattan Co.* 163 Mass. 296, 302. *Gassett v. Glazier*, 165 Mass. 473, 480. In the case at bar, the plaintiff had enjoyed the privilege of conducting the restaurant for at least ten months ; for that reason he could not put the defendants *in statu quo* and therefore could not rescind the contract on the defendants committing a breach of it.

It is not necessary in this case to consider when or how far a recovery can be had after an oral agreement within the statute of frauds has been performed in part by both parties to it ; see *Williams v. Bemis*, 108 Mass. 91 ; *White v. Wieland*, 109 Mass. 291 ; *Dix v. Marcy*, 116 Mass. 416 ; *Miller v. Roberts*, 169 Mass. 134 ; nor is it necessary to consider the other questions raised at the trial.

*Exceptions sustained.*