No. 24,190.

P. A. WALKER, *Appellant,* v. H. H. STEAVENS, *Appellee.*

SYLLABUS BY THE COURT.

1. WARRANTY DEED—*Covenants Against Encumbrances—No Encumbrances Shown.* The covenant against encumbrances in a general warranty deed is not broken by a lease, when in fact there was no lease, and no one was occupying the land as a tenant of the owner.

2. SAME—Where it is claimed that a party became a tenant from year to year, as defined by section 5957 of the General Statutes of 1915, it is essential that his continued occupancy of the premises after the expiration of the term of his lease was with the assent of his landlord.

Appeal from Osborne district court; WILLIAM R. MITCHELL, judge. Opinion filed February 10, 1923. Affirmed.

Walker v. Steavens.

*C. M. Higley,* of Cawker City, for the appellant.

*N. C. Else, J. F. Tillman,* both of Osborne, *A. W. Relihan, T. D. Relihan,* and *J. T. Reed,* all of Smith Center, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is a suit for damages for the breach of a covenant against encumbrances in a general warranty deed. The case was tried to the court in part upon an agreed statement of facts, and in part upon evidence offered. Judgment was for the defendant, and the plaintiff appealed. The plaintiff purchased the real property in controversy and the same was conveyed to him by a general warranty deed. Plaintiff claims that there was a lease on the premises at the time of the purchase, and that because thereof the covenant of the deed against encumbrances was broken, and that he was damaged thereby.

The defendant, a resident of Iowa, owned 120 acres of land in Gove county, Kansas, which he had owned for several years, and prior to the year 1919 had leased the same from time to time to various parties for crop rent. For the year 1919 he leased the property to one Roy Ochs, for $85 cash rent. On March 1, 1920, the tenant wrote defendant about renting the land for the year 1920 and offering to give "the same rent as last year, $85, for the next year 1920." In reply to that, defendant wrote "If you wish to renew the rental of the land you must remit this spring the increased rental, amounting to $150." The tenant wrote that he couldn't afford to pay the rent and didn't want it, but he offered to take it at the same price as the year before, and sent a check for $85. The defendant returned this check to the tenant, refused to accept that rent for the land, and directed him to vacate the premises. No other arrangements were made about the tenancy for the year 1920. The defendant was endeavoring to sell the land and thought it vacant and unoccupied.

On April 4, 1920, defendant wrote plaintiff offering this farm for sale, stating in the letter, among other things, "Can give possession at once." On June 5, 1920, plaintiff wired defendant, "I will take your Gove county land as per letter. Send contract and deed to Farmers National Bank, Osborne, Kansas. Please wire me acceptance of sale." On the same date, defendant wired plaintiff, "Your land. Will send papers as directed." Defendant did send the papers to bank as directed, but because of some delay in bringing

the abstract to date, and meeting some requirements as to the title, the deed was not delivered to plaintiff until August 7, 1920, the deed delivered having been executed by the defendant on June 18. There was, in fact, a crop of volunteer wheat on the land, which the defendant knew nothing about, and which his former tenant, Roy Ochs, harvested and threshed. It is agreed that the wheat crop was of the value of $4,000; that the customary rental on wheat land in Gove county at that time was one-fourth of the crop delivered at the market.

The first question to be determined is whether or not there was any lease on these premises. No one contends that any lease was actually made between the defendant and Roy Ochs for the year 1920. If Roy Ochs was a tenant at all, he was a "holdover tenant" under his former lease.

Section 5957 of the General Statutes of 1915, reads as follows:

"When premises are let for one or more years, and the tenant with the assent of the landlord continues to occupy the premises after the expiration of the term, such tenant shall be deemed to be a tenant from year to year."

Can it be said under the above circumstances that Roy Ochs held over as a tenant for 1920 with the assent of the defendant? He had leased the premises for only one year on a cash basis of $85. He wanted to lease it for another year on the same terms; this the owner of the premises refused to do, and when Ochs rather persisted, and sent a check for the rent, the same was returned to him with a refusal to lease, and a direction to vacate the premises. So it seems clear that if Ochs did continue to occupy the premises, such occupancy was not with the assent of his landlord. Some other questions are ably argued by counsel, but with the view we have already expressed as to whether or not there was a lease, it will not be necessary to discuss them.

The judgment of the court below will be affirmed.