CHESTER A. BAKER INC. *vs.* SHEA DRY CLEANERS INC.

Norfolk.  January 7, 1948. — January 29, 1948.

Present: QUA, C.J., LUMMUS, DOLAN, RONAN, & WILLIAMS, JJ.

*Landlord and Tenant,* Tenancy at will, Termination of tenancy, Extension of lease.

A lessee of business real estate became merely a tenant at will by continuing his occupancy and payment of rent after the expiration of his lease, notwithstanding oral assurances by the lessor to him, both before and after the expiration, that "you have a lease" for a further period; and such tenancy at will was terminated by a written lease of the premises given by the owner to a third person.

SUMMARY PROCESS. Writ in the Municipal Court of Brookline dated April 10, 1947.

Upon appeal to the Superior Court, the action was tried before *Hanify,* J., who ordered a verdict for the plaintiff.

*G. A. McLaughlin,* for the defendant, submitted a brief.
*B. Goldman,* (*F. Ross* with him,) for the plaintiff.

WILLIAMS, J. This is an action of summary process, commenced by writ dated April 10, 1947, for the possession of a store at 281 or 281A Harvard Street in Brookline, occupied by the defendant and owned by the trustees under the will of Jacob Isenberg. The following facts are not in dispute. On October 8, 1940, the trustees leased the premises in question to the defendant for a period of three years beginning November 1, 1940. After the expiration of this lease the defendant continued in occupation, but no further

written instruments were executed.  On January 17, 1947, the trustees leased the same premises to the plaintiff for a period of five years beginning with the first day of March, 1947.  On March 31, 1947, the plaintiff notified the defendant of this lease and at about the same time the trustees gave the defendant a similar notice.  The defendant refused to vacate and this action has resulted.

The defendant offered evidence substantially as follows. Shortly before the expiration of the written lease of October 8, 1940, its manager, Shea, talked with Isenberg, one of the Isenberg trustees, in reference to an extension or renewal of the lease.  Isenberg said, "Shea you have a lease for three years until 1946," and that he would send a letter.  No letter was sent and, on the complaint of Shea, Isenberg later said, "Shea you don't have to worry; you have a lease; my word is as good as my bond."  Later, in December, 1945, or January, 1946, Shea and Isenberg talked about an increase of rent.  Shea said that, with the increase of rent, he wanted a definite assurance that his lease would be extended for a period of three more years and that he wanted a written paper.  Isenberg replied, "What do you have to worry about?  The other lease was so good, and you have got a lease now.  My word is as good as my bond."  As a result of Isenberg's statement the defendant relinquished an opportunity of renting other stores in the vicinity.  In February, 1947, the defendant paid the required increased rent for that month.  Since the first of March rent checks have been sent by the defendant to the trustees but have been returned uncashed.

The defendant has excepted to the denial of a motion for a directed verdict in its favor and to the allowance of a motion for a directed verdict for the plaintiff.

The contention is made that the evidence above recited tends to show a legal extension of the written lease, first in 1943 and secondly in 1946.  Cases in reference to valid alteration of written contracts by subsequent oral agreements, cited by the defendant, are not in point.  After the expiration of the written lease of October 8, 1940, the defendant occupied the premises as a tenant at will.  G. L.

(Ter. Ed.) c. 183, § 3. *Michael Chevrolet, Inc.* v. *Institution for Savings in Roxbury and its Vicinity,* 321 Mass. 215. Its tenancy at will was terminated on March 1, 1947, by the written lease of the trustees to the plaintiff. *Howard* v. *Merriam,* 5 Cush. 563. *Mescall* v. *Somerset Savings Bank,* 305 Mass. 575. Contentions similar to those made by the defendant have been recently held untenable by this court in *Chase* v. *Aetna Rubber Co.* 321 Mass. 721.

*Exceptions overruled.*