Farris *v.* Hershfield.

TUFIC D. FARRIS *vs.* JOSEPH HERSHFIELD.

Essex.  October 5, 1949. — January 4, 1950.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & COUNIHAN, JJ.

*Landlord and Tenant,* Tenancy at will, What constitutes lease, Termination of tenancy. *Deed,* Covenant. *Warranty.*

A "memorandum," reciting "that the rent at" certain store premises "is" a certain amount, that "immediate occupancy may be had by" a named tenant, "rent to begin" on a specified date, "and after a period of two years rent" to be in a certain larger amount, did not fix a time at which the tenancy was to end and therefore did not create a leasehold; only a tenancy at will was created.

A tenancy at will of store property was not subject to the provisions of G. L. (Ter. Ed.) c. 186, § 13, or of the Federal rent control laws, was terminated by the landlord's conveying the property to a third person by a quitclaim deed in the form described in G. L. (Ter. Ed.) c. 183, § 11, and constituted no basis for a claim of the grantee under the deed against the grantor for breach of the covenant against encumbrances or breach of the covenant of warranty "against the lawful claims and demands of all persons claiming by, through or under the grantor."

CONTRACT OR TORT.  Writ in the District Court of Lawrence dated April 19, 1947.

The action was heard by *Crawshaw,* J.

*H. Hershfield,* for the defendant.

*J. J. Dondero,* for the plaintiff, submitted a brief.

QUA, C.J.  According to the record, this action is now prosecuted to recover for alleged "breach of warranty against encumbrances" in a quitclaim deed (see G. L. [Ter. Ed.] c. 183, § 11) given by the defendant to the plaintiff and his wife under date of October 18, 1946, conveying premises in Lawrence upon which was a store.  The trial judge found for the plaintiff, and the Appellate Division dismissed the report.

The alleged encumbrance was embodied in a paper or "memorandum," previously given by the defendant to one Homsey and reading as follows: "This is to certify that the rent at 294 Lawrence Street is $25.00 a month, and that immediate occupancy may be had by Mr. Homsey, and rent

to begin December 1, 1945, and after a period of two years rent $35.00." At the time of the conveyance to the plaintiff, Homsey was in possession of the store. The plaintiff insists that the memorandum was a lease for a term which extended beyond the date of the conveyance.

It is an essential element in a lease for a term that there be a demise for a period definitely fixed or at least capable of definite ascertainment. Otherwise only a tenancy at will results. *Cheever* v. *Pearson*, 16 Pick. 266, 271. *Gardner* v. *Hazelton*, 121 Mass. 494, 496. *O'Reilly* v. *Frye*, 263 Mass. 318. *Foley* v. *Gamester*, 271 Mass. 55, 56–57. Compare *Carlisle* v. *Weiscopf*, 237 Mass. 183. The "memorandum" fixed no time at which the "term" was to end, and therefore did not create a leasehold. The reference in it to two years was not, we think, sufficient to create a term even for that period. This reference does not appear to have been inserted as fixing the limit of the time of occupancy but had to do merely with the time when the rent should be increased, if occupancy continued. Somewhat similar references to time have been held in other cases insufficient to supply the date of termination necessary to a leasehold estate. In *Murray* v. *Cherrington*, 99 Mass. 229, a provision that the owner might live in the house "after two years," the tenant to retain a specified portion of the house "for such a term as may be agreeable to us both," did not create a leasehold for two years but created only a tenancy at will. In *Berman* v. *Shaheen*, 273 Mass. 343, a provision whereby the owner agreed to "protect the rights" of the tenant for three years and until the land should be sold did not create a leasehold for three years. In *Wall* v. *Stimpson*, 83 Conn. 407, a provision that premises were leased "at the monthly rate of sixty dollars ($60) per month payable in advance until July 1, 1909, when the rate shall be $75.00 per mo. . . ." did not create a leasehold until July 1, 1909. The similarity between that case and the one before us is apparent.

The tenancy at will evidenced by the "memorandum"

terminated with the conveyance of the land. *Howard* v. *Merriam*, 5 Cush. 563, 583. *Ferrigno* v. *O'Connell*, 315 Mass. 536, 537. *Michael Chevrolet, Inc.* v. *Institution for Savings*, 321 Mass. 215, 219. *Chester A. Baker Inc.* v. *Shea Dry Cleaners Inc.* 322 Mass. 311, 313. Since the premises were not occupied for dwelling purposes, G. L. (Ter. Ed.) c. 186, § 13, has no application. Neither, for the same reason, do the Federal rent control laws apply. Act of January 30, 1942, § 2 (b), 56 U. S. Sts. at Large, 25, as amended. We are of opinion that, at least in cases to which G. L. (Ter. Ed.) c. 186, § 13, does not apply, a tenancy at will which is terminated by the conveyance itself, leaving the tenant a mere tenant at sufferance without right in the land (*Pratt* v. *Farrar*, 10 Allen, 519; *Newman* v. *Sussman*, 239 Mass. 283, 285–286), is not an encumbrance against which the covenants implied in the statutory forms of deeds under G. L. (Ter. Ed.) c. 183, §§ 10 and 11, furnish protection. *Noyes* v. *Rockwood*, 56 Vt. 647, 648–649. *Dinsmore* v. *Savage*, 68 Maine, 191. Tiffany on Real Property (3d ed.) § 1002. See *Weld* v. *Traip*, 14 Gray, 330; *King* v. *Connors*, 222 Mass. 261, 263; *Walker* v. *Steavens*, 112 Kans. 710.

It is immaterial whether the present action be treated strictly as one for breach of the covenant against encumbrances or as one for breach of the covenant of warranty "against the lawful claims and demands of all persons claiming by, through or under the grantor." Homsey did not claim lawfully by, through, or under the defendant. After the conveyance Homsey had no "lawful" claim to the premises. *Benton* v. *Williams*, 202 Mass. 189, 192. *Margosian* v. *Markarian*, 288 Mass. 197, 199.

Since the "memorandum" created only a tenancy at will, and since there was no evidence of any encumbrance other than that supposed to have had its origin in the "memorandum," no breach of covenant is shown.

The order of the Appellate Division is reversed, and judgment is to be entered for the defendant.

*So ordered.*