CHESTER GROMELSKI *vs.* FRED BRUNO & another.

Middlesex. October 10, 1957. — February 5, 1958.

Present: WILKINS, C.J., WILLIAMS, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Equity Jurisdiction,* Retention of suit for other relief, Assessment of damages. *Equity Pleading and Practice,* Answer. *Damages,* For breach of contract.

A suit in equity, in which the plaintiff prayed for specific performance by the defendants of an agreement to execute a lease and for general relief and it appeared that the plaintiff should not be given the specific relief sought, might properly be retained by the court in its discretion for the assessment of damages for breach of the agreement. [680–681]

Defendants in a suit in equity for specific performance of an oral agreement to give a lease, who in their answer merely denied any such agreement, had no right to insist that the court order either specific performance or dismissal of the bill but not retain the suit for the assessment of damages resulting from breach of the agreement. [681]

In a proceeding against the owners of premises by an occupant who had been notified by them to vacate, where the statute of frauds was not pleaded by the defendants, the plaintiff's damages for breach of an

oral agreement with the defendants whereby they had promised to give him a lease of the premises for a term of several years were measured by the difference between the rental price of the unexpired portion of the agreed term and the actual or market value of such portion; expense incurred by the plaintiff in renovating the premises pursuant to the oral agreement was not recoverable as such but might be considered in determining the actual value of the unexpired portion of the agreed term. [681]

BILL IN EQUITY, filed in the Superior Court on May 3, 1956.

The suit was heard by *Good*, J., on a master's report.

*Alfred P. Farese*, for the defendants.

*Alfred C. Walton*, for the plaintiff, submitted a brief.

WILLIAMS, J. This is a suit in equity seeking specific performance of an oral agreement by the defendants to execute a lease of the second floor of a three story house at 90 Swan Street, Everett, for five years at a monthly rental of $65. The defendants in their answer denied any agreement to give a lease and did not plead the statute of frauds. A master to whom the case was referred found that the defendants, who lived on the first floor, advertised the apartment for rent at this figure. On examination of the premises the plaintiff found that they were in need of extensive renovation. On or about August 9, 1955, he agreed to furnish the materials and labor required for the renovation and in return for a five year lease to pay a monthly rent of $65 from September 1, 1955. The defendants agreed to these terms. The plaintiff made a deposit of $40, completed the necessary repairs, moved in on or about September 1, and has since occupied the apartment. He expended $276.45 for materials and $312 for labor, and worked sixty hours himself for which he charged $2.50 an hour. The total cost for materials and labor was $738.45. On more than one occasion he spoke to the defendants about the lease but never received one. On or about April 30, 1956, having received from the defendants a notice to vacate, he instituted this suit.

The master found that the plaintiff has had the benefits of the improvements to the apartment and "should stand one fifth of the cost, or $147.69, leaving $576.76 . . . due . . .

from the defendant[s] as of September 1, 1956. Credit should be given the defendant[s] for occupancy beyond that date." After reciting the second prayer of the bill which reads, "the defendants be ordered to execute to the plaintiff a lease in accordance with the terms of the agreement made by them" he reported, "I find that in view of the attitude of the parties to each other, no good purpose can be served by granting prayer number 2, as it would be impossible for them to live in the same house in harmony."

The defendants filed objections to the award of "monetary damages" by the master and to his "expression of opinion concerning why a lease shouldn't be ordered executed." The objections, which became exceptions, were overruled and the master's report was confirmed. A final decree was entered providing "that the defendants are indebted to the plaintiff in the amount of $450" and that the defendants are directed to pay costs in the amount of $30.25. From this decree the defendants appealed.

They contend that the judge erred in confirming the master's report and in awarding monetary damages. They urge that as the statute of frauds was not pleaded they have a right to perform their oral agreement and that the judge either should have ordered specific performance as prayed for or should have dismissed the bill. In addition to the prayer for specific relief the bill contains the usual prayer for "such other further relief as . . . [the] court may deem just and equitable." When a suit has been instituted in good faith for specific performance of a contract and it appears that the plaintiff is not so entitled or that specific relief ought not be given, the suit may be retained for the assessment of damages. *Newburyport Institution for Savings* v. *Puffer,* 201 Mass. 41, 47–48. *Brockton Olympia Realty Co.* v. *Lee,* 266 Mass. 550, 562–563. *McCormick* v. *Proprietors of the Cemetery of Mount Auburn,* 285 Mass. 548, 552–553. Unless inconsistent with the relief specifically prayed for such assessment is appropriate under the prayer for general relief, *Bleck* v. *East Boston Co.* 302 Mass. 127, 130–131, *West* v. *Day Trust Co.* 328 Mass. 381, 383, and

is discretionary with the judge.  *McCormick* v. *Proprietors of the Cemetery of Mount Auburn, supra,* pages 552–553.

The plaintiff has not appealed from the final decree and appears to be content with the award of damages.  We are therefore not called upon to decide whether as to him the denial of specific relief because of the impossibility of the parties living in harmony in the same house would be justified.  The defendants have no standing to object to the assessment.  Their insistence on specific performance of the agreement is not within the scope of their pleading.  *Pickard* v. *Clancy,* 225 Mass. 89, 95.  *National Rockland Bank* v. *Johnston,* 299 Mass. 156.  *Drury* v. *Hartigan,* 312 Mass. 175, 177.  *McOuatt* v. *McOuatt,* 320 Mass. 410, 415.  As they have broken their agreement to execute a five year lease and have notified the plaintiff to vacate they are liable for the damages which the plaintiff could recover in an action at law.  These are to be measured by the difference between the rental price of the unexpired portion of the term for which the parties contracted and the actual or market value of such portion.  See *Rice* v. *Baker,* 2 Allen, 411; *Riley* v. *Hale,* 158 Mass. 240, 246; *Bucholz* v. *Green Bros. Co.* 272 Mass. 49, 54; Williston on Contracts (Rev. ed.) § 1404.

We assume that the determination in the final decree of $450 as the amount of the defendants' indebtedness must have been based on the amount of the expenses found by the master to have been incurred by the plaintiff.  As the statute of frauds was not pleaded these expenses as such were not recoverable as damages (*DeMontague* v. *Bacharach,* 181 Mass. 256, 258) although entitled to consideration in determining the actual value of the unexpired portion of the term.

The interlocutory decree confirming the master's report is affirmed.  The final decree is reversed and the case remanded to the Superior Court for the ascertainment of damages in conformity with this opinion.

*So ordered.*