FREDERICK R. WALSH & another vs. ALVIN J. SLATER, trustee. April 4, 1972. The plaintiffs, attorneys at law, were tenants of the defendant, also an attorney, under a written lease of office space expiring January 31, 1970, and sue for specific performance of an oral agreement made January 28, 1970, to renew the lease at an increased monthly rent for a period of three years. The judge found that the oral agreement was made, that the plaintiffs paid the increased rent and were informed by the defendant that he was having a written renewal lease prepared, and that the plaintiffs in reliance on the agreement ceased to look for other office space, but that the defendant gave the plaintiffs written notice to quit on September 25, 1970, followed by a writ of eviction dated November 5, 1970. The judge ruled that the defendant was estopped from pleading the statute of frauds, G. L. c. 259, § 1, Fourth, and G. L. c. 183, § 3, and a decree of specific performance was entered. The defendant appeals from the failure to sustain his demurrer and from the final decree. The case is governed

by *Chase* v. *Aetna Rubber Co.* 321 Mass. 721, 724, *Chester A. Baker Inc.* v. *Shea Dry Cleaners Inc.* 322 Mass. 311, 312–313, and *O'Brien* v. *Hurley,* 331 Mass. 172, 175–176, where we held that continued occupancy by a tenant, payment of increased rent, and relinquishment of opportunities to rent elsewhere are not sufficient part performance or basis for estoppel to avoid the statute. See Restatement 2d: Contracts (Ten. draft No. 4, April 25, 1968), § 197, and comment b, illustration 2, comment d, illustrations 6, 7, and comment e, illustration 12. There was no evidence of improvements, repairs or expenditures in reliance on the contract. Compare *Harrell* v. *Sonnabend,* 191 Mass. 310, 312; *Peoples Express, Inc.* v. *Quinn,* 235 Mass. 156, 159; *Gromelski* v. *Bruno,* 336 Mass. 678, 679; *Hook Brown Co.* v. *Farnsworth Press, Inc.* 348 Mass. 306, 310–311; *Sands* v. *Arruda,* 359 Mass. 591, 596–597. The final decree is reversed. A new decree is to enter dismissing the bill.

*So ordered.*

*Joseph M. Cohen (Alvin J. Slater* with him) for the defendant.
*Paul H. J. Keenan* for the plaintiffs.