NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-172

STEVEN COSMOS

vs.

ANTHONY SAVARESE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Defendant Anthony Savarese, the tenant in this summary process action, appeals from a judgment in favor of his landlord, plaintiff Steven Cosmos. Savarese argues that the summary process complaint erroneously described him as a tenant at will and, therefore, was fatally defective. Savarese also argues error in the judge's factual findings and in the amount of use and occupancy damages awarded. We affirm.

Cosmos is the owner of a three-unit building in Worcester. On December 15, 2018, Cosmos entered into an agreement renting one of the apartments to Savarese. The agreement stated that it was for a term of months ending on June 30, 2020. The agreement also included the following renewal provision: "Lessee agrees that his/her occupancy of said premises beyond the term of this lease shall not be deemed as a renewal of this lease for the

whole term but that acceptance by the Lessor of rent accruing after the expiration of this lease shall be considered as a renewal of this lease for one month only and for successive periods of one month only."  Savarese remained in the apartment after June 30, 2020.  On April 9, 2022, at a time when it appears that Savarese was current on rent, Cosmos served a no-cause, thirty-day notice to quit on Savarese.

On June 10, 2022, Cosmos filed this summary process action seeking to recover possession of the premises.  The complaint stated that Savarese was a tenant at will who had been served with notice to quit.  A summary process trial was held on August 11, 2022.  At trial, Cosmos testified that he had not received rent from Savarese for June, July, or August, effectively since serving the no-cause, thirty-day notice to quit on Savarese.  Savarese acknowledged that he had been "spotty" on paying rent throughout his tenancy.  After trial, the judge issued findings and rulings awarding Cosmos possession of the apartment and $4,050 in use and occupancy damages for June, July, and August.  The judge also concluded that Savarese was not entitled to a stay of execution under G. L. c. 239, §§ 9, 10, and ordered that execution "shall issue no later than ten . . . days after the entry of judgment."  After the resulting judgment entered, Savarese appealed.

2

On appeal, Savarese's primary argument is that he was a lessee, not a tenant at will, and that the summary process complaint, which described Savarese as a tenant at will, was fatally defective. However, at the time Cosmos filed the summary process complaint, the original term stated in the lease had expired. While the lease also stated that "acceptance by the Lessor of rent accruing after the expiration of this lease shall be considered as a renewal of this lease for one month only and for successive periods of one month only," that language did not establish a new lease term. Consequently, a tenancy at will resulted when Savarese continued to rent the unit. See Farris v. Hershfield, 325 Mass. 176, 177 (1950) ("It is an essential element in a lease for a term that there be a demise for a period definitely fixed or at least capable of definite ascertainment. Otherwise only a tenancy at will results").[1]

Savarese also argues error in the judge's findings that Savarese (1) did not file an answer and (2) did not provide any testimony regarding how he would pay future rent if a stay of execution were to be granted. Even if we assume that these findings were erroneous, Savarese has shown no harm requiring

---

[1] Savarese also argues that he should have received a notice to cure any back rent due. This argument is unavailing where the thirty-day notice to quit was not based on the nonpayment of rent but was a no-cause notice to quit. See G. L. c. 186, § 12.

reversal.  The judge decided the case on the merits, not due to Savarese's purported failure to file an answer.  Likewise, regardless of whether the judge should have granted a stay of execution pursuant to G. L. c. 239, §§ 9, 10, no execution has issued during the pendency of this appeal pursuant to Mass. R. Civ. P. 62 (d), 365 Mass. 829 (1974), and Savarese has not shown that he would have been entitled to any greater relief under G. L. c. 239, §§ 9, 10.[2]

Lastly, Savarese argues error in the amount of use and occupancy damages awarded.  Savarese acknowledges that he did not pay his rent of $1,350 in June, July, and August of 2022, but argues that (1) he prepaid $1,300 toward last month's rent when he signed the lease and (2) the use and occupancy damages should have been reduced by that amount.  However, nothing in the record shows that Savarese raised this argument below, and it is therefore waived.  See Carey v. New England Organ Bank, 446 Mass. 270, 285 (2006) ("issue not raised or argued below may not be argued for the first time on appeal" [citation omitted]).  Moreover, it appears that Savarese has remained in the apartment

---

[2] General Laws c. 239, § 9, authorizes a judge to grant a stay of execution "for a period not exceeding six months or for periods not exceeding six months in the aggregate, or, for a period not exceeding twelve months or for periods not exceeding twelve months in the aggregate in the case of premises occupied by a handicapped person or an individual sixty years of age or older."  Here, the appeal has already been pending, and the judgment has been stayed, for over one year.

4

during the pendency of this appeal.  In light of that fact, Savarese has not explained why his prepayment of $1,300 toward last month's rent should apply toward rent owed for June, July, and August of 2022.

<u>Judgment affirmed</u>.

By the Court (Rubin, Neyman & Walsh, JJ.[3]),

Joseph F. Stanton

Clerk

Entered:  December 6, 2023.

---

[3] The panelists are listed in order of seniority.