*Ordered accordingly.*

---

COURTLAND G. MORSE & another *vs.* JOHN M. WINSLOW, administrator, & others.

Bristol.    October 26, November 16, 1925. — January 8, 1926.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Equity Jurisdiction*, Specific performance of an oral contract.  *Frauds, Statute of.  Estoppel.  Equity Pleading and Practice*, Amendment into action at law.

A daughter, with whom, while she was living with her father in a house owned by him, an oral contract was made by the father to convey to her the real estate in consideration of her agreement to stay at home and take care of him and her mother, upon her father's dying without the contract being reduced to writing or a conveyance to her being made, cannot maintain a suit in equity against the other heirs at law and the administrator of the estate of her father to require specific performance of the oral contract merely by showing that she, for ten years and until her father's death, carried out her part of the contract, and that also, relying on her father's promise, she spent $4,000 of her own money in alterations of the real estate, her occupation of the premises in such circumstances not being sufficient possession to give her relief in equity on the ground of part performance because of improvements made by her when in possession of the premises, and the services rendered by her on the real estate while it was in the possession of her father not constituting such a part performance of the contract as to estop the defendants from relying on the statute of frauds.

In the suit above described, the plaintiff was given leave to amend into
an action at law, if so advised, within thirty days after rescript, upon
such terms as the trial court might impose, the suit to be dismissed if
such amendment was not made.

BILL IN EQUITY, filed in the Supreme Judicial Court for
the county of Bristol on May 8, 1922, by Grace Dexter, a
daughter of John C. Gardner, late of Nantucket, against the
administrator of his estate and Avery Gardner and Harrison
G. Gardner, brothers of the plaintiff and, with her, sole heirs
at law and next of kin of the deceased, seeking to restrain the
administrator from prosecuting a petition for leave to sell
real estate of the intestate for payment of debts and to re-
quire the defendants specifically to convey the real estate
to the plaintiff in performance of an alleged oral agreement
made between her and the intestate, and described in the
opinion.

The suit was referred to a master. Material facts found
by the master are described in the opinion.

After the filing of the master's report, a motion was filed by
Courtland G. Morse and Nathan C. Morse representing that
they were the sole heirs at law and the administrators of the
estate of William A. Morse, late of Boston, to whom on
October 24, 1922, Grace Dexter had conveyed all her right,
title and interest "in any real estate in the Town and County
of Nantucket," and praying that they, "both individually
and as administrators of the estate of said William A. Morse,"
be admitted as parties plaintiff. The motion was allowed.

By order of *Braley*, J., the suit was reserved for determina-
tion by the full court upon the pleadings, reports of the
master, and exceptions thereto.

*C. G. Morse*, for the plaintiffs, submitted a brief.

*G. M. Poland*, for the defendants.

CARROLL, J. This is a suit in equity for specific perform-
ance against the administrator of the estate of the original
plaintiff's father, and against her two brothers.

John C. Gardner, the father, owned the real estate in
question and occupied it as a home. In the year 1910 the
plaintiff lived there with her father and mother. Her
father "told her that if she would stay at home and take

care of him and her mother he would give her the house."
An oral contract was made by the father with the plaintiff
to convey to her the real estate in consideration of her agree-
ment to stay at home and take care of him and her mother.
There was no written memorandum of this agreement. The
plaintiff performed her part of the contract. Relying on
her father's promise that she was to have the property, the
plaintiff expended $4,000 of her own money in alterations;
and her father expended $3,000 in these improvements, with
the understanding that the plaintiff should reimburse him
therefor "if he requested it when he should deliver to her
the deed of the property." It was found that the plaintiff
devoted ten years of her life to caring for her parents in
pursuance of the agreement, "as well as from a sense of duty."
The father died intestate January 16, 1921. He did not
convey the real estate to the plaintiff in accordance with
the contract.

The defendants rely upon the statute of frauds. They
contend that there was no part performance by the plaintiff
which entitles her to a decree for specific performance.

When the plaintiff and her father made the contract upon
which she relies, and when she paid for the alterations from
her own funds, she was living with him and her mother in
their home. The father was in possession of the estate;
it was not in the possession of the plaintiff. The occupation
by her was not, under such circumstances, sufficient posses-
sion to give her relief in equity on the ground of part per-
formance because of improvements made by her when in
possession of the premises. To recover on this ground the
possession of the plaintiff must be taken under the contract.
When the contract relied on was made, she was then a
member of the household. After it was made she continued
in this occupation. Her position was not altered, and she
did not enter upon the premises because of the contract.
*Jacobs* v. *Peterborough & Shirley Railroad,* 8 Cush. 223. See
*Glass* v. *Hulbert,* 102 Mass. 24, 28. *Barnes* v. *Boston &
Maine Railroad,* 130 Mass. 388, 390, 391.

The mere making of improvements and repairs is not such
a part performance of the contract as to do away with the

statute.   To have that effect "the occupation of the premises and the expenditure upon them must have been induced by the contract, and in reliance upon its performance."   *Burns* v. *Daggett*, 141 Mass. 368, 373.   *Perkins* v. *Perkins*, 181 Mass. 401.   *Sprague* v. *Kimball*, 213 Mass. 380, 383, 384. The mere failure to perform an oral contract, even when money is paid out for repairs on the premises, does not constitute such fraud as to remove the ban of the statute, in the absence of a relation of trust and confidence.   *Sprague* v. *Kimball, supra.*

In *Williams* v. *Carty*, 205 Mass. 396, the plaintiff, by reason of the oral contract, was induced to give up a business in another town, and entered into possession in reliance on the contract.   In *Curran* v. *Magee*, 244 Mass. 1, the plaintiff was induced to take possession, as well as to make substantial repairs, relying upon her mother's agreement to convey the real estate to her.

The services rendered by the plaintiff in caring for her mother and father and the expenditures made by her on the real estate while it was in the possession of her father, did not constitute a part performance of the contract such as to estop the defendants from relying on the statute of frauds.

Without considering the other defences relied on by the defendants, specific performance of the oral contract cannot be decreed.

The plaintiff is given leave to amend into an action at law, if so advised, within thirty days after rescript, upon such terms as the trial court may impose.   See *Dix* v. *Marcy*, 116 Mass. 416.   If such amendment is not made, a decree is to be entered dismissing the bill.   *Kemp* v. *Kemp*, 248 Mass. 354.

*Ordered accordingly.*