SAMUEL CHASE *vs.* AETNA RUBBER COMPANY.

Suffolk.   October 7, 1947. — November 4, 1947.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Frauds, Statute of. License. Real Property*, License. *Landlord and Tenant*, Tenancy at will. *Estoppel. Fraud. Pleading, Civil*, Replication.

Under G. L. (Ter. Ed.) c. 231, §§ 34, 35, the plaintiff in an action of summary process, after the defendant had alleged in his answer the equitable defence that the parties had made an oral contract whereby the defendant was to have a lease of the premises in question and the right to continue his occupancy thereof pending execution of the lease, might rely on the statutes of frauds, c. 259, § 1, Fourth, and c. 183, § 3, without pleading them specially in a replication.

A contract between the parties to a lease, that upon the expiration thereof the lessee should have a new lease and the right to continue his occupancy of the premises pending execution of the new lease, created a tenancy and not a mere license to use the premises after the expiration of the old lease and before execution of the new lease.

Neither part performance by a tenant sufficient to take the case out of the statute of frauds, nor estoppel of the landlord to rely on the statute, nor fraud on the part of the landlord, was shown where, pursuant to an oral contract between the parties that, upon the expiration of an existing lease to the tenant, he was to have a new lease of the premises and the right to continue his occupancy pending execution of the new lease, the tenant refrained from purchasing other premises and continued his occupancy of the same premises after the expiration of his lease, but without making improvements or repairs or expenditures, in reliance upon performance of the contract by the landlord, and the landlord subsequently refused to give the new lease and brought an action of summary process against the tenant for possession of the premises.

An oral contract between the parties to a lease, that upon the expiration thereof the lessee should have a new lease and the right to continue his occupancy of the premises pending execution of the new lease, gave the lessee only a tenancy at will of the premises after expiration of the lease and before execution of a new lease.

SUMMARY PROCESS.   Writ in the Municipal Court of the City of Boston dated September 4, 1946.

Upon appeal to the Superior Court, the action was tried before *Dowd*, J.

*R. E. Shaine,* (*M. Ulin* with him,) for the defendant.

*W. Levenson,* for the plaintiff.

WILLIAMS, J.   This is an action of summary process for the possession of four floors of the building No. 94 Essex Street, Boston, brought in the Municipal Court of the City of Boston by writ dated September 4, 1946, and later appealed to the Superior Court.   At a pre-trial hearing in the Superior Court it was agreed that the premises in question had been occupied by the defendant for commercial purposes under a lease from the Warren Institution for Savings dated September 9, 1938, which lease by its terms terminated on November 30, 1944; that the plaintiff became the owner of the property in 1944 prior to the expiration of the lease; that since the termination of the lease rent has been paid monthly by the defendant to the plaintiff on the first day of the month in advance for the ensuing month; and that on July 24, 1946, the following notice dated July 23, 1946, was served on the officer in charge of the defendant's business: "You are hereby notified of my intention to terminate your tenancy at the expiration of the monthly rental period beginning August 1, 1946.   You are hereby notified to quit and deliver up the premises occupied by you as such tenant, namely, the second, third, fourth and fifth floors located at said 94 Essex Street, Boston, Massachusetts, at the end of the monthly rental period beginning August 1, 1946."   Later by leave of court the defendant's answer of general denial was amended by setting out an alleged equitable defence substantially as follows: that after the plaintiff had purchased the premises and before the termination of the lease the plaintiff orally agreed with the defendant that, if the latter would remain as occupant and refrain from buying another building, the plaintiff would give the defendant a new lease on the same terms as the old lease except for an increase in rent; that the plaintiff further agreed, pending the execution of the new lease, that the defendant could use the premises by paying for such use, and stated it was not necessary that a written agreement for the new lease and the permission to use be entered into; that relying on the plaintiff's representations

the defendant refrained from purchasing a building and continued to use the premises and to pay as agreed upon for such use; and that the plaintiff has refused to give a written lease as agreed upon, and has acted in bad faith and fraudulently toward the defendant.

The case was tried to a jury. Evidence was introduced which would have warranted findings that before the expiration of the defendant's lease the plaintiff had agreed orally with it to give it a new lease at an increased rental and that the defendant in consideration of such promise had refrained from purchasing a new building at some other location. There was also evidence that until such new lease should be entered into the defendant was given permission by the plaintiff to use the premises on payment of $125 each month. On the completion of the evidence the judge directed the jury to return a verdict for the plaintiff. The defendant excepted and in its bill of exceptions states that the bill contains all the material evidence.

The defendant contends that the jury would have been warranted in returning a verdict for the defendant either on the ground that the defendant was a licensee and that its right to occupy under a license had not been terminated by the notice, or on the ground that part performance of the oral contract by the defendant has taken the case out of the statute of frauds. The plaintiff relies upon the statute of frauds, G. L. (Ter. Ed.) c. 259, § 1, Fourth, and G. L. (Ter. Ed.) c. 183, § 3.

The plaintiff may avail himself of these statutes without pleading them specially by replication. G. L. (Ter. Ed.) c. 231, §§ 34, 35. *Lyon* v. *Manning,* 133 Mass. 439. *Comstock* v. *Livingston,* 210 Mass. 581. *Pierce* v. *Loomis,* 224 Mass. 226.

The agreement pleaded by the defendant called for full possession of the premises and created a tenancy. Situations where it has been held there was simply a license to use are illustrated by the following cases: *White* v. *Maynard,* 111 Mass. 250, *Johnson* v. *Wilkinson,* 139 Mass. 3, *Nelson* v. *American Telephone & Telegraph Co.* 270 Mass. 471, at 479, and *265 Tremont Street, Inc.* v. *Hamilburg, ante,* 353.

"The distinction between a lease and a license is plain, although at times it is hard to classify a particular instrument. A lease of land conveys an interest in land . . . and transfers possession. . . . A license merely excuses acts done by one on land in possession of another that without the license would be trespasses, [and] conveys no interest in land." *Baseball Publishing Co.* v. *Bruton*, 302 Mass. 54, 55. The defendant here was not a licensee of the plaintiff.

The continued use and occupation of the premises by the defendant after the termination of its former written lease was not such part performance of its oral agreement with the plaintiff as to take the agreement out of the statute of frauds. *Glass* v. *Hulbert*, 102 Mass. 24. *Morse* v. *Winslow*, 254 Mass. 407. *Andrews* v. *Charon*, 289 Mass. 1.

The facts here are not sufficient to support an estoppel. *Levin* v. *Rose*, 302 Mass. 378, 382. No improvements or repairs were made on the premises. So far as appears no expenditures were induced by the contract and made in reliance upon its performance. *Burns* v. *Daggett*, 141 Mass. 368. The mere nonperformance of an oral contract, within the statute, where no relation of trust and confidence exists, does not constitute fraud. *Sprague* v. *Kimball*, 213 Mass. 380.

Refraining from purchasing another building, relied on by the defendant as consideration for the plaintiff's promise to lease, is not such part performance as will relieve the contract from the operation of the statute. See Restatement: Contracts, illustrations 1 and 2 under § 197.

The agreement alleged by the defendant in its answer was admittedly oral and therefore, under G. L. (Ter. Ed.) c. 183, § 3, gave the defendant only an estate at will in the premises. This estate was terminated by the notice of July 23, 1946.

*Exceptions overruled.*