ALICE WEST & others *vs.* DAY TRUST COMPANY, adminis-
trator & trustee, & another.

Middlesex.    October 1, 1951. — February 6, 1952.

Present: QUA, C.J., WILKINS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Frauds, Statute of. Contract,* To make will, Not to revoke will. *Equity*
*Pleading and Practice,* Bill, Demurrer, Plea. *Estoppel.*

In a suit in equity, relief to the plaintiff by allowing recovery in quantum
meruit should not be granted under the implied prayer of the bill for
general relief where the sole prayer set forth was for specific performance
of an express contract alleged in the bill and the bill did not directly or
by implication set forth a claim for recovery in quantum meruit.

In a suit in equity for specific performance of a contract, a demurrer to
the bill grounded on the statute of frauds should not be sustained where
the bill did not disclose that the contract was not in writing.

The defence of the statute of frauds was properly raised by a plea in a
suit in equity to enforce a contract.

Allegations in the bill in a suit in equity to enforce an oral promise by the
defendant's testatrix to the plaintiffs that if they would forbear from
joining in a contest of her husband's will and would consent to its
allowance she would make a will providing substantial bequests to
them and would not revoke such will, did not disclose that the plain-
tiffs were induced to give up an opportunity to require the testatrix
to put her promise in writing and did not estop the defendant from
pleading the statute of frauds.

In a suit in equity to enforce an oral promise by the defendant's testatrix
to make a will providing substantial bequests to the plaintiffs and not
to revoke such will, the fact that the plaintiffs furnished the agreed
consideration for her promise did not preclude the application of the
statute of frauds.

An oral promise not to revoke a will is within the statute of frauds, G. L.
(Ter. Ed.) c. 259, § 5.

BILL IN EQUITY, filed in the Superior Court on Decem-
ber 8, 1950.

An interlocutory decree sustaining a demurrer and a plea
was entered by order of *Good,* J., and a final decree was
entered by order of *Goldberg,* J.

*E. C. Park,* (*J. J. Vernaglia* with him,) for the plaintiffs.
*T. Chase,* (*P. D. Turner & J. W. Perkins* with him,) for
the defendants.

WILLIAMS, J.   In this suit in equity the plaintiffs have appealed from an interlocutory decree which sustained both a demurrer to the plaintiffs' bill and a plea setting up the statute of frauds, and from a final decree dismissing the bill.   It is alleged in the bill that the plaintiffs Alice West, Mildred Richardson, and Jennie West Austin are nieces and, as such, heirs and next of kin of one Alonzo A. West of Malden who died on May 22, 1937.   The plaintiff Ello E. Richardson is the husband of Mildred.   West left a will which gave substantially all of his property to his widow Georgina B. West.   Two nieces of West other than the plaintiffs contested the probate of his will and moved for jury issues.   Georgina thereupon requested Alice, Mildred, and Jennie not to join in the contest of her husband's will and requested Ello to advise his wife not to contest, "and promised the plaintiffs that, if they would forbear from such contest and consent to the allowance of the will, she would make a will providing substantial bequests to them and to other members of their families and would not revoke such will."   The plaintiffs accepted the offer and Alice, Mildred, and Jennie agreed not to contest the will and consented to its allowance.   The motion for jury issues was denied and shortly thereafter, in May, 1938, Georgina executed a will wherein she bequeathed to the plaintiffs substantial pecuniary legacies and shares of her furniture and household effects.   She then "represented to the plaintiffs that she had made a will in performance of her promise."   As a result of the failure of the plaintiffs "to participate in the will contest" "Georgina B. West was able to effect an advantageous settlement with the contestants, by which they consented that her husband's will be admitted to probate and she obtained substantially the entire amount of his estate."   After May, 1938, Georgina executed several wills, the last of which, dated April 1, 1949, was admitted to probate on April 24, 1950, and contained no provisions for the plaintiffs.   By the terms of this will the residue of her estate was given to trustees for the benefit of the defendant Malden Hospital.   The defendant Day Trust

Company is the surviving trustee under this trust and is also the administrator with the will annexed of Georgina's estate. The "Malden Hospital is made a party solely because of its interest in the subject matter of the bill."

Day Trust Company as administrator and trustee demurred to the bill on the grounds that the agreement on which the plaintiffs relied was not in writing as required by G. L. (Ter. Ed.) c. 259, § 5, and is "too vague, uncertain and indefinite to be capable of enforcement." It also filed a plea setting up the statute of frauds. "For [the] purposes of the plea" a stipulation was filed that the alleged offer and acceptance were in fact oral. The demurrer and the plea were sustained and a final decree entered dismissing the bill.

It is the contention of the plaintiffs that, if the statute of frauds, G. L. (Ter. Ed.) c. 259, § 5, applies to their contract, nevertheless they are entitled to recover the value of the rights which they surrendered when they agreed to forbear the contest of the will of Alonzo A. West. Assuming that recovery on the theory of quantum meruit or quasi contract would not be barred by the statute (see *Shopneck v. Rosenbloom*, 326 Mass. 81, 84), no claim for recovery on this ground is set forth directly or by implication in their bill. Their specific prayer and their only prayer is "that there may be a decree that the defendant Day Trust Company pay to them severally the amounts of the specific bequests which they would have received under the will made by Georgina B. West in May, 1938, and the value of the shares of the furniture and household effects to which they would have been entitled had said will remained unrevoked and had been admitted to probate." Clearly this is a prayer for specific performance of the contract alleged in the stating part of the bill. As no relief can be given under the implied prayer for general relief which is inconsistent with the specific relief prayed, recovery cannot be had on the theory which the plaintiffs now urge. *Bleck v. East Boston Co.* 302 Mass. 127, 130. The bill is not framed with a double aspect and does not pray for inconsistent relief in the alternative.

The defence of the statute is raised both by demurrer and by plea. As it does not appear in the bill that the contract in question was not in writing, noncompliance with the statute is not a ground on which the demurrer can be sustained. *Quinn* v. *Quinn*, 260 Mass. 494, 497. The effect of the statute, however, has properly been raised by the plea. *Southwick* v. *Spevak*, 252 Mass. 354, 357. It raises a single point of law which if maintained is sufficient to defeat the suit. *Chapin* v. *Coleman*, 11 Pick. 331. *Crease* v. *Babcock*, 10 Met. 525, 543–544. *Berenson* v. *French*, 262 Mass. 247, 255. *Reilly* v. *Selectmen of Blackstone*, 266 Mass. 503, 507. No facts are stated in the bill which, as contended by the plaintiffs, estop the defendant trust company from pleading the statute. See *McLearn* v. *Hill*, 276 Mass. 519; *Ford* v. *Rogovin*, 289 Mass. 549, 552; *Hayes* v. *Gessner*, 315 Mass. 366, 368–369. The plaintiffs have not been induced to give up an opportunity to require compliance with the statute. Williston on Contracts (Rev. ed.) § 533A. It is plain that the judge sustained the plea on its merits, the fact that the alleged contract was not in writing, which was the basis of the plea, having been stipulated. *Dudley* v. *Sheehan Construction Co.* 305 Mass. 144, 145. There was no error. The fact that the plaintiffs furnished the agreed consideration does not prevent the application of the statute. *Emery* v. *Burbank*, 163 Mass. 326, 329. *Kelley* v. *Thompson*, 181 Mass. 122, 124. *Runyan* v. *Van Iderstine*, 230 Mass. 428.

The plaintiffs contend, however, that, although the statute operates on an oral promise to make a will, it does not affect an oral promise not to revoke a will. This point has not been directly decided in this Commonwealth. In *Gould* v. *Mansfield*, 103 Mass. 408, a case decided before the original enactment of the statute, now G. L. (Ter. Ed.) c. 259, § 5, it was held that a promise to make a will disposing of all the promisor's property both real and personal and not "to make any different will at any time, or to dispose of her property in any different manner therefrom" was a contract for the sale of lands and within the existing statute of frauds pertaining to such a sale. See also *Welling-*

*ton* v. *Apthorp,* 145 Mass. 69, 77. In California, which has a statute similar to ours, it has been decided in several cases that a promise not to revoke a will is within the statute. In *Cazaurang* v. *Carrey,* 117 Cal. App. 511, 514, it was said, "Whether an agreement be to make a will or whether it be not to revoke one already made, the essence of the agreement is to have a will in existence at the time of the death of the promisor which designates the promisee as a beneficiary in accordance with the agreement." In either case the agreement "is one to make a provision by will" and is covered by the statute. In *De Mattos* v. *McGovern,* 25 Cal. App. (2d) 429, 432, it was held that "An agreement not to revoke a will already made is, in effect, the same as an agreement to make a will and must also be in writing," and in *Estate of Crawford,* 69 Cal. App. (2d) 607, 608, that "The right to revoke a will lies with the testator until the time of his death unless limited by an agreement in writing."

. We think that these decisions are right. A testamentary disposition of property remains ambulatory until the death of the one who makes it and becomes operative only upon and by reason of such death. *Gould* v. *Mansfield,* 103 Mass. 408. *National Shawmut Bank* v. *Joy,* 315 Mass. 457, 470–471. A contract to make a will means an effectual will (*Emery* v. *Burbank,* 163 Mass. 326, 329), that is, a will that will dispose of property upon death. Necessarily such a contract implies a promise on the part of the one who is to make the will that he will leave at his death a will which has not been revoked. A promise not to revoke when made in express terms is no less within the statute than an implied promise of similar import.

As the suit is determined by the decree sustaining the plea (*Dorsey* v. *Corkery,* 227 Mass. 498, 500), it is unnecessary to consider the second ground of the demurrer that the agreement is "too vague, uncertain and indefinite to be capable of enforcement." The interlocutory decree is affirmed and the final decree is affirmed with costs of appeal.

*So ordered.*