THEODORE PARADY & another *vs.* MARTHA A. LEWIS, administratrix. April 2, 1959. Exceptions overruled. In this action of contract there was evidence of the following. In 1947, John I. Makinen, the defendant's intestate, was living alone in a house owned by him in Rockport. Makinen being in poor health and the house being in need of repair, he asked the plaintiffs Theodore and Sarah Parady (husband and wife) to come and live with him under the following arrangement: The plaintiffs were to supply Makinen with board free of charge and were to "pay the taxes and water bills and fix the house up"; in return the plaintiffs were to live in the house without paying rent and Makinen would "will . . . [them] the house when he died." The plaintiffs assented and moved into Makinen's house. They stayed there from September 1, 1947, until Makinen's death on September 11, 1954. Makinen did not "will" them the house. During this period Theodore Parady made extensive repairs to the property and paid the taxes and water bills, and his wife prepared Makinen's meals, did his laundry, and took care of him when he was ill. There was evidence of the fair value of services performed·by each plaintiff. The defendant in her answer pleaded the statute of frauds. G. L. c. 259, § 5. At the close of the evidence the defendant moved for a directed verdict, which was denied subject to the defendant's exception. "Before arguments and charge . . . the plaintiffs waived counts 2 and 3 of their declaration . . . to avoid confusion by a multiplicity of counts for the same cause of action." The jury returned a verdict for the plaintiffs. The defendant argues that, in submitting the case to the jury on the first count, the judge was permitting recovery for breach of an oral contract to make a will. We do not agree. Obviously, the statute of frauds being pleaded, the plaintiffs could not recover under such a contract, G. L. c. 259, § 5; but they could recover for the fair value of their services. *Dixon* v. *Lamson*, 242 Mass. 129, 137. *Hollister* v. *Old Colony Trust Co.* 328 Mass. 225, 228. From a reading of the entire record including the charge (to which no exception was taken), we are convinced that in submitting the case to the jury on the first count the judge was permitting the plaintiffs to recover not for breach of the oral contract to make a will but rather for the fair value of the services rendered by them. The averments of that count were sufficient to permit recovery on that basis. The bill of exceptions expressly states that the case "was tried and submitted to [the] jury on [the] basis of quantum meruit." The judge did not err in denying the defendant's motion for a directed verdict.

*John F. Lombard*, for the defendant.
*Gardner L. McDonald,* for the plaintiffs.