Carroll,
No. 4724.

LAWRENCE C. CLARK & a. v. ROLAND A. LOVELACE & a.

Argued April 7, 1959.

Decided May 21, 1959.

*Preston B. Smart* for the plaintiffs.

*Philip J. Ganem* and *James J. Kalled* (*Mr. Ganem* orally), for the defendants.

KENISON, C. J.   The statute of frauds in this state provides as follows:  "506:1 SALE OF LAND.   No action shall be maintained

upon a contract for the sale of land unless the agreement upon which it is brought, or some memorandum thereof, is in writing and signed by the party to be charged, or by some person by him thereto authorized by writing." In the present case it is not disputed that the oral agreements between plaintiffs and defendants related to the sale of land and are within the statute of frauds unless the plaintiffs can bring themselves within some exception to it. *Langdon v. Sibley*, 100 N. H. 373, 375. The plaintiffs rely on the familiar principle that the statute of frauds has no application to cases involving trusts concerning lands which arise or result by implication of law. RSA 477:17; *Foley v. Foley*, 90 N. H. 281; *Bailey v. Scribner*, 97 N. H. 65. It is claimed that *French v. Pearson*, 94 N. H. 18, is a precedent which will allow the plaintiffs to prevail in this action. That case, however, is distinguishable in that the plaintiff had an equitable interest in the land under a written contract of sale with the owner, and that money was advanced under a loan agreement in behalf of the prevailing party. In the present case we have only an oral agreement to sell to the plaintiffs, with no payment or advancement of money by them. "If the defendant contracted to buy land with his own money, and later to convey it to the plaintiff, or to hold it in trust for the plaintiff, as long as the plaintiff has not paid the price, or otherwise performed to the enrichment of the defendant, there is no basis for a constructive trust." 2 Corbin on Contracts, *s. 401, p. 373*.

It is the general rule, supported by the great weight of authority, that an oral agreement to purchase land and to convey to another the whole or part of the property is a contract within the meaning of the statute of frauds and will not be enforced unless there is fraud or violation of a confidential relationship which will give rise to a constructive or resulting trust. Annos. 42 A. L. R. 10, 13, 63; 135 A. L. R. 232; 27 A. L. R. (2d) 1285. The refusal to carry out an oral promise to convey land standing by itself is not fraud, and will not give rise to a constructive trust. *Ranicar v. Goodwin*, 326 Mass. 710. Exceptions are made to this rule in cases where a relation of trust and confidence exists. *Kachanian v. Kachanian*, 100 N. H. 135; *Chase v. Aetna Rubber Co.*, 321 Mass. 721. It does not appear from the pleadings in the present case that the parties occupied a relationship of trust or confidence with each other.

The law seeks to alleviate the harshness of the statute of frauds (Restatement, Trusts, *s. 45*) but it requires some operating fact

such as fraud, part performance, or the violation of a confidential or fiduciary relationship. 3 Bogert, Trusts and Trustees, part I, s. 479. It is the general rule that the mere nonperformance without more of an oral agreement to sell land will not give rise to a constructive or a resulting trust. In 4 Scott, Trusts (2d *ed.*) s. 499.1, the rule is phrased in the following language: "On the other hand, if all that appears is that B has orally agreed with A that he will purchase certain land in which A has no pre-existing interest and will resell it to A, and B purchases the land with his own money and refuses to sell it to A, A cannot compel him to resell it, since the agreement is unenforceable because of the statute of frauds. The mere agreement by B to resell the land does not place him in a fiduciary relation to A, and since he has used his own money in purchasing the land, A has no other basis for compelling B to hold the land upon a constructive trust or a resulting trust for him." *P.* 3229.

In this case there is no fraud, the plaintiffs have not paid money or taken action constituting part performance and they are not the beneficiaries of a relationship of confidence and trust which will operate to take their agreement out of the statute of frauds. In such a situation the plaintiffs cannot prevail. *McDonald* v. *Conway*, 254 Mass. 429. The rule is stated in 2 Williston, Contracts (Rev. *ed.*) s. 489, *p.* 1408, as follows: "Where a man merely employs another person by parol as an agent to buy an estate, who buys it for himself and denies the trust, and no part of the purchase money is paid by the principal, and there is no written agreement, he cannot compel the agent to convey the estate to him, as that would be directly in the teeth of the Statute of Frauds, either of the section invalidating oral trusts or that invalidating oral contracts to sell land."

In this jurisdiction the decisions have attempted to prevent the statute of frauds from operating as a defense where there was a basis for imposing a constructive or resulting trust. This keeps the statute within proper confines and enables the court to prevent injustice in many cases. However, it has not gone so far as to say that the statute is not to be applied where a party is guilty only of violation of a naked oral promise to convey land without more.

*Plaintiffs' exception overruled.*

All concurred.