W. MAYNARD DRAPER *vs.* E. RAYMOND TURNER, executor.

Worcester. September 21, 1959. — November 2, 1959.

Present: WILKINS, C.J., RONAN, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Contract,* Implied, For personal services. *Payment. Evidence,* Of payment, Relevancy and materiality, Stated ground of admissibility. *Husband and Wife,* Wife's services.

In an action against a decedent's estate for the fair value of services rendered by the plaintiff and his wife to the decedent in reliance on his unenforceable oral promise to will his property to the plaintiff, there was in the circumstances no merit in a contention by the defendant that the fact that the plaintiff and his wife had lived rent free in the decedent's home showed error in instructions to the jury that there was no evidence of payment. [617]

Certain evidence as to the assets found in a decedent's estate would not prove that the profits of a store of the decedent had been spent "partly by payments to" his son and the son's wife while they were living with and caring for him and was properly excluded when offered for that purpose in an action by the son against the estate for the fair value of services rendered to the decedent. [618]

A party who states at the trial a specific ground of admissibility of evidence offered by him and excluded is not entitled to urge in this court another ground of admissibility. [618]

Where a father made an unenforceable oral promise to his son to will all his property to the son if the son would stay with and take care of him and would induce the son's wife to do likewise, and the son and his wife in reliance on such promise did stay with and care for the father until his death some years later, the fair value of the services of the son's wife, who made no independent claim therefor, as well as the fair value of the son's services was recoverable by the son in an action by him alone against the father's estate; recovery of the fair value of the wife's services was not precluded by G. L. c. 209, § 4. [618–620]

CONTRACT. Writ in the Superior Court dated October 14, 1949.

At the trial before *Fairhurst,* J., there was a verdict for the plaintiff. The defendant alleged exceptions.

*James M. Smith,* for the defendant, submitted a brief.

*Sidney S. von Loesecke, (Joseph L. Shea* with him,) for the plaintiff.

WILKINS, C.J.    William N. Draper, late of Hopedale in this Commonwealth, was the plaintiff's father.    The defendant is executor of the father's estate.    This action of contract is to recover the fair value of services rendered by the plaintiff and his wife from 1937 until the father's death on March 24, 1948.    The services were performed pursuant to an unenforceable oral agreement that the father would by will leave all that he owned to the plaintiff.    See *Downey* v. *Union Trust Co.* 312 Mass. 405, 411; *Turner* v. *White*, 329 Mass. 549, 554; G. L. (Ter. Ed.) c. 259, § 5.

The jury could have found these facts.    In April, 1937, upon receiving word that his father was ill, the plaintiff and his wife, June, left Detroit, Michigan, where he was employed, and went to his father's home.    There they remained, took care of the father, and ran his store until November, 1937, at which time the father had sufficiently recovered to resume operation of the store.    The plaintiff then told his father that he wished to return to Detroit, but the father replied that if the plaintiff would stay and take care of him he would leave everything he had to the plaintiff.    He further asked the plaintiff to induce the wife, who was present, to stay.    They both did stay until the father's death, taking care of him and running his store.    Except for an occasional $5 or $10 the father contributed no money to the support of himself or of the plaintiff and his wife.    At various times the plaintiff with his father's consent accepted employment to obtain money for their support.    The income from the store was deposited to the account of the father, who left a will by the terms of which the plaintiff was given nothing.

1. The judge charged the jury that there was no evidence of payment, and the defendant excepted.    There was no error.    It is argued that the plaintiff and his wife were living rent free in the father's home.    The contract which the jury must have found was made did not contain a provision for rent payment while staying there at the father's request. That the father kept no books of account or that the store showed a profit of $2,205 during the ten months the plaintiff

operated it after his death for the benefit of the estate did not constitute evidence of payment.

2. On direct examination the defendant was asked to enumerate the assets that were found in the estate as of July 29, 1948, the date of the defendant's appointment as special administrator. The evidence was excluded. The defendant excepted and made an offer of proof that the only assets found were a store, stock in trade, a half interest in a house, a checking account of $982, and a bank deposit of $62.13, "it being the purpose of the defendant by this evidence to show that the profits of the store operated by the deceased had been spent during his lifetime, partly by payments to the plaintiff and the plaintiff's wife." It is enough to dispose of this exception to say that this evidence falls short of proving the defendant's stated purpose. The defendant now argues that the evidence was admissible upon the issue as to whether there was a contract. We do not consider this argument because after specifying the basis of admissibility in the court below the defendant, in fairness, cannot be permitted to advance another ground in this court. *Kagan* v. *Levenson,* 334 Mass. 100, 107, and cases cited. *Commonwealth* v. *Geagan, ante,* 487, 515. Wigmore on Evidence (3d ed.) § 18.

3. The defendant excepted to the denial of his requests numbered 6 and 7. These were: 6. "W. Maynard cannot recover in his action for services rendered to the deceased by June Draper." 7. "The services rendered by June Draper to the deceased are in evidence for the limited purpose of determining whether the contract was performed and may not be considered in connection with the matter of damages." The defendant also excepted to a part of the charge in substance to the effect that the plaintiff could recover the fair and reasonable value of the services of the wife rendered pursuant to the contract, "the defendant asserting as his reason therefor that, the action not being based on the contract due to the aforesaid statute of frauds, the plaintiff was not entitled to recover in quantum meruit for the services of another person not a party to the action."

The judge charged in part with reference to what the father received: "It should be returned if it could be returned. And if it cannot be returned it has got to be paid for in money. The old gentleman ought to pay for what he got. And if Maynard agreed to care for him and in that care he had to provide that care by others, — be it by nurses or his wife or anyone else, — the fair and reasonable value of whatever service was given in that respect ought to be paid for if the old gentleman received it, but only to the extent that he received it because he was entitled to receive it under his contract and Maynard was bound to furnish it."

As a general principle, a contractor who sues in quantum meruit for the value of labor may recover not only for his own labor but also for that performed by his workmen. *Hayward* v. *Leonard*, 7 Pick. 181, 184–185. *Vickery* v. *Ritchie*, 202 Mass. 247, 252. *Rosen, petitioner*, 236 Mass. 321, 325. *Wheeler* v. *Tarullo*, 237 Mass. 306, 311. *Murphy* v. *Mitchell*, 254 Mass. 18, 21. *Glazer* v. *Lerman*, 330 Mass. 673, 675. *M. Ahern Co.* v. *John Bowen Co. Inc.* 334 Mass. 36, 38–39. In such cases, the "amount of the plaintiff's recovery is the reasonable value of the performance received by the defendant so far as that performance came from or at the expense of the plaintiff." Corbin, Contracts, § 321. *Id.* §§ 326, 327. Stated in another way, the defendant is obligated to pay the fair value of the performance or consideration he has received pursuant to the contract. See Restatement: Contracts, §§ 348, 355; Williston, Contracts (Rev. ed.) § 536. The principle is broad enough to cover the services of the wife in the case at bar.

No obstacle to recovery is imposed by G. L. (Ter. Ed.) c. 209, § 4.[1] The judge charged without objection that the wife could not have been sued for failure to perform the contract. That is to say that the contract was made by the father with the plaintiff alone. The evidence was that the wife was present when the contract was made, and carried

---

[1] "Work and labor performed by a married woman for a person other than her husband and children shall, unless there is an express agreement on her part to the contrary, be presumed to be performed on her separate account."

out its performance in coöperation with her husband. She has interposed no objection or rival claim. On the contrary, she testified in support of his case.

There was no error in the denial of the requests or in the charge.

*Exceptions overruled.*