**Lenore FOMAN, Plaintiff, Appellant,**

v.

**Elvira A. DAVIS, Executrix, Defendant, Appellee.**

**No. 5808.**

United States Court of Appeals First Circuit.

April 24, 1963.

Henry N. Silk, Minot, Mass., with whom Guterman, Horvitz & Rubin, Boston, Mass., was on brief, for appellant.

Roland E. Shaine, Boston, Mass., with whom Brown, Rudnick, Freed & Gesmer, Boston, Mass., was on brief, for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

ALDRICH, Circuit Judge.

In this case we are asked to overrule our decision in Cleaves v. Kenney, 1 Cir., 1933, 63 F.2d 682, in which we held that an oral agreement not to make a will, so that the other contracting party would take by intestacy, was not within section 5 of the Massachusetts statute of frauds, Mass.G.L. c. 259. This provides,

> "No agreement to make a will of real or personal property or to give a legacy or make a devise shall be binding unless such agreement is in writing signed by the person whose executor or administrator is sought to be charged, or by some person by him duly authorized."

The defendant is the executrix and second wife of the plaintiff's father. Allegedly the plaintiff agreed with her father that she would pay for the care of her invalid mother in return for her father's agreement to die intestate. The plaintiff performed, but after her mother's death her father married the defendant and made a will leaving her the

bulk of his estate and giving the plaintiff nothing. Plaintiff brought suit for what would have been her intestate share of the estate. The district court, declining to follow our decision in Cleaves, but adopting the views expressed by Judge Morton who had dissented, held that such a contract would be within the statute and dismissed the complaint on the pleadings. The plaintiff appealed.

The district court quoted the dissenting opinion where it was said, 63 F.2d at 685, "I cannot doubt that what the Legislature had in mind by the expression, 'No agreement to make a will,' etc., was really, 'No agreement about making a will,' etc." The district court apparently felt that a post-Cleaves decision by the Massachusetts court indicated the soundness of this observation and the incorrectness of Cleaves.

We do not agree. The subsequent Massachusetts case was West v. Day Trust Co., 1952, 328 Mass. 381, 103 N. E.2d 813, 29 A.L.R.2d 1224. There the plaintiffs, strangers to the decedent, allegedly obtained, for consideration, an oral promise from the decedent that she would make a will in their favor and not revoke it. The decedent made such a will, but thereafter made a new one, omitting the plaintiffs. In a closely reasoned opinion holding the statute applicable, the court pointed out that an agreement to make a will, and an agreement not to revoke, were essentially one and the same. It said in part, 328 Mass. at 385, 103 N.E.2d at 816, "In either case the agreement 'is one to make a provision by will' * * *. A contract to make a will * * * [n]ecessarily * * * implies a promise on the part of the one who is to make the will that he will leave at his death a will which has not been revoked. A promise not to revoke when made in express terms is no less within the statute than an implied promise."

This reasoning is a far cry from the broad conclusion that "no agreement to make a will" is the same as "no agreement about making a will." Easy generalizations such as this are not characteristic of the Massachusetts court, and in our opinion this one was impliedly rejected, rather than affirmed. It is not without significance that Judge Morton's entire dissent was quoted in the brief * of the successful parties in West, and that the only reception was silence.

■ The district court also adopted Judge Morton's dissent in another particular, saying that in the case of an agreement to make a will, and an agreement not to do so, "the dangers * * are equally present." In a sense this is true, but it is conceivable that they are not fully so. In the one case the oral agreement attempts to circumvent the requirements of the Massachusetts statute of wills by substituting an oral understanding, which could be in favor of a total stranger, whereas enforcement of an agreement to die intestate would result in the distribution provided for by statute as the most natural one. But even if the dangers are equal, this is not the Massachusetts approach to the statute of frauds. It could hardly be thought that there were any less "dangers" in connection with enforcing an oral contract which was expected to, and did, last for many years, but which would have terminated earlier if one of the parties had happened to die, and enforcing one which was to last for 366 days. Yet, because of the possible contingency, the former is not condemned as an agreement "that is not to be performed within one year from the making." Mass.G.L. c. 259, § 1, Fifth; Elwell v. State Mutual Life Assur. Co., 1918, 230 Mass. 248, 119 N.E. 794; Peters v. Westborough, 1837, 19 Pick. 364, 36 Mass. 364. While not illogical, this is certainly not a broad approach.

■ With respect to section 5, an oral agreement to make a will is not void, but is a "completed contract." Turner v. White, 1952, 329 Mass. 549, 553, 109 N.E.2d 155. It not only furnishes a basis for recovery in *quantum meruit*

---

* Redbook, Boston Social Law Library.

for the services which constituted the other party's performance, but the extent of the decedent's promised undertaking may be shown as evidence of the decedent's opinion of the value of that performance. Turner v. White, supra; Downey v. Union Trust Co., 1942, 312 Mass. 405, 45 N.E.2d 373. We can only conclude, as implicitly we did in Cleaves, that Massachusetts adopts a literal view of this section.

The present agreement is not in terms within the statute. Nor is it by implication. Accordingly, if the legislature meant by "no agreement to make a will" "no agreement about making a will" or "no agreement to make or not to make a will," we think it is for it, and not for us, to say so.

██ Defendant's further contention that an agreement to die intestate is a contract for the "sale" of lands, Mass. G.L. c. 259, § 1, Fourth, was also answered in Cleaves. See 2 Corbin, Contracts § 398 (1950).

Judgment will be entered vacating the judgment of the District Court and remanding the action for further proceedings not inconsistent herewith.