**Elisabeth S. MATEZA, Plaintiff,**

v.

**Helen Brewer WALKER, Defendant.**

**Civ. A. No. 78–0248–C.**

United States District Court,
D. Massachusetts.

May 8, 1979.

in this action, and the action is therefore dismissed as to them.

Hale & Dorr, David S. Mortensen, Mary Allen Wilkes, Boston, Mass., for plaintiff.

Sydelle Pittas, Paul M. Thomas, Norman A. Hubley, Herrick & Smith, Boston, Mass., for defendant.

## MEMORANDUM

CAFFREY, Chief Judge.

This is a civil action in which plaintiff seeks, *inter alia*, specific performance of an agreement to devise real property. Plaintiff Elisabeth S. Mateza is a 57 year old Massachusetts resident. Defendant Helen Brewer Walker is an 81 year old resident of Connecticut. There being more than $10,000 in controversy jurisdiction is invoked under 28 U.S.C.A. § 1332.

Plaintiff seeks to require defendant to devise her former home located in Hingham, Massachusetts to plaintiff as promised in a conversation with defendant's husband in 1969 or 1970 and thereafter reiterated by defendant and then again by Mr. Walker just before his death in August, 1974. Plaintiff claims that defendant and Mr. Walker wanted her to have their home when defendant no longer needed it. In return, plaintiff was to take care of defendant. Affidavit submitted by defendant states that defendant had devised her Hingham home to plaintiff but has since eliminated that bequest.

Defendant has asserted as a defense the Statute of Frauds. Defendant states there is no genuine issue as to any material facts relevant to that defense and, accordingly, now moves for partial summary judgment, pursuant to Fed.R.Civ.P. 56(b).

As a preliminary matter, I address plaintiff's motion to amend her complaint so as to add alternative theories for recovery, *viz.*, that plaintiff has an action to enforce a contract to convey real property, or alternatively, that plaintiff has an action in *quantum meruit*. Having in mind that amendment, should, as Rule 15 of the Federal Rules of Civil Procedure requires, be freely given, *Johnston v. Holiday Inns Inc.*, 595 F.2d 890, 896 (1st Cir. 1979); *accord, Sherman v. Hallbauer*, 455 F.2d 1236, 1242

(5th Cir. 1972), and that there appears to be no undue delay, bad faith or dilatory motive on the part of the plaintiff, *Johnston v. Holiday Inns Inc., supra,* I accordingly allow plaintiff's motion to amend.

■ Turning next to defendant's motion for partial summary judgment, I begin with the well established rule of law, as set forth in the Statute of Frauds, that no agreement to make a devise of real property shall be binding unless such an agreement is in writing. Mass.Gen.Laws ch. 259, §§ 5, 5A.

Plaintiff contends that a letter written by defendant and dated February 15, 1977 provides a sufficient memorandum to satisfy the Statute of Frauds. In that letter, defendant thanks plaintiff for a visit and a Valentine bouquet, comments on the weather, Billy Carter, and other subjects and states in closing:

> Well, Cherub, I am hoping that you will really stop worrying about the future— there is really no need at all! As I told you when I actually move I can provide a document giving you and Joel permission to live in the house (rent and tax free) until the time when I die and the house goes to you. Mr. Norman agreed I can do that. So rest easy dear! Many thanks and much love to you both—Grammy.

■ The law is equally well-settled that the written contract to make a will must set forth all the material terms of the contract to satisfy the Statute of Frauds. *Read v. McKeaque,* 252 Mass. 162, 164, 147 N.E. 585 (1925), *Emery v. Burbank,* 163 Mass. 326, 39 N.E. 1026 (1895). Defendant argues that the letter on which plaintiff relies fails to require performance of either party.

Both plaintiff and defendant rely on *Howe v. Watson,* 179 Mass. 30, 60 N.E. 415 (1901), in which the Massachusetts Supreme Judicial Court found the letter to constitute a written contract sufficient to satisfy the Statute of Frauds. The *Howe* letter provided in pertinent part:

> " 'Springfield, April 16, 1894. Dear Sister Ellen: I don't think I am getting any better. I am feeling very bad. Will you and Minnie come and stay with me as long as I live? I will pay all your expenses, and what property I have left will be yours, Ellen. My expenses are very large, but all that I leave shall be yours. Should like to have you come just as soon as you can. My nurse cannot stay very much longer . . . . Try and get here before they move. Yours with love, your far-off sister, Nancy J. Ball, per Mary E. Chapman.
>
> P.S. Dear Cousin: I write this letter for Mrs. Ball. She is not able to write. Come just as soon as you can. The Doctor says Mrs. Ball cannot live long. She is failing fast. M.E.C.' "

*Id.* at 35, 60 N.E. at 417.

The Supreme Judicial Court viewed this letter as a proposition—a promise to induce a particular action, not "contained in a communication of the general tenor of a friendly letter manifestly having no relation to business . . . [but] found in a communication written for the sole purpose of inducing the sister to come and stay with her during her life." *Id.* at 37, 60 N.E. at 417. In addition, the Court weighed heavily the fact that the letter was written by one without "a reasonable expectation of many years of life . . . [and whose promise was not] inconsistent with any duty owed to other relatives." *Id.*

■ In contrast, the February 15 letter does not meet any of the criteria outlined in the above analysis. Mrs. Walker's letter can be fairly described as a friendly, personal letter. It contains no proposed arrangement but rather at best a gratuitous promise, which remained revocable, to devise defendant's former home to plaintiff. In addition, defendant has a son, daughter-in-law and two grandchildren near whom she now lives.

Accordingly, I rule that the letter relied on by plaintiff is not a sufficient writing to constitute a contract to devise defendant's home to plaintiff. Thus, it fails to satisfy the Statute of Frauds.

Plaintiff attempts to defeat the application of the Statute of Frauds by arguing several equitable theories. Plaintiff claims that she acted to her detriment in reliance on defendant's promise and that defendant represented that the statute had been or

would be complied with, consequently, defendant should now be estopped from asserting the statutory defense. Plaintiff further contends that she completed her performance under the agreement and therefore comes within the part performance exception to the Statute of Frauds. I find the foregoing contentions all equally meritless.

This Court is directed under *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), to reach the resolution of the issue as the Massachusetts Supreme Judicial Court would under the same facts. Plaintiff cites no Massachusetts cases which apply the doctrines of estoppel or part performance to deny a defendant a Statute of Frauds defense against a claim such as plaintiff's. An independent search of the law reveals that it is elemental that an oral agreement involving a promise to make a will is clearly unenforceable, and, therefore, a plaintiff could not recover under such a contract. *E. g., Green v. Richmond*, 369 Mass. 47, 49, 337 N.E.2d 691, 694 (1975); *Draper v. Turner*, 339 Mass. 616, 617, 162 N.E.2d 49, 51 (1959); *Shopneck v. Rosenbloom*, 326 Mass. 81, 83, 93 N.E.2d 227, 228 (1950). "[T]he fact that the plaintiff . . . furnished the agreed consideration does not prevent the application of the statute." *West v. Day Trust Co.*, 328 Mass. 381, 384, 103 N.E.2d 813, 815–16 (1952).

It appears to be unassailable that an oral agreement to devise real property "only furnishes a basis for recovery in quantum meruit for the services which constituted the other party's performance." *Foman v. Davis*, 316 F.2d 254, 256–57 (1st Cir. 1963). *Accord, e. g., Green v. Richmond, supra; Sliski v. Krol*, 361 Mass. 313, 279 N.E.2d 924 (1972); *Draper v. Turner, supra; Parady v. Lewis*, 338 Mass. 800, 57 N.E.2d 531 (1959); *Delorfano v. Delafano*, 333 Mass. 684, 132 N.E.2d 668 (1956).

On the basis of the foregoing, I rule that there is no issue of material fact and that defendant is entitled to judgment as a matter of law. Accordingly, an order shall enter granting partial summary judgment for the defendant.