**Elisabeth S. MATEZA, Plaintiff,**

v.

**Helen Brewer WALKER, Defendant.**

**Civ. A. No. 78–0248–C.**

United States District Court,
D. Massachusetts.

July 17, 1979.

David S. Mortensen, Mary Allen Wilkes, Hale & Dorr, Boston, Mass., for plaintiff.

Paul M. Thomas, Norman A. Hubley, Herrick & Smith, Boston, Mass., for defendant.

## MEMORANDUM AND ORDER

CAFFREY, Chief Judge.

This matter came before the court on plaintiff's application for a temporary restraining order. The facts of this case are set forth in an earlier opinion of this court *Mateza v. Walker*, 469 F.Supp. 1276 (D.Mass.1979). Plaintiff now seeks to enjoin defendant from placing her former home on the market by listing it with a broker. She predicates this claim on a count in which she seeks specific performance of an alleged promise to convey the home.

■ The law is well settled that in order to obtain injunctive relief a plaintiff must show (1) that irreparable harm will result if such relief is denied, and (2) that there is a probability that plaintiff will succeed on the merits. *Garzaro v. University of Puerto Rico*, 575 F.2d 33 (1st Cir. 1978); *Automatic Radio Mfg. Co. Inc. v. Ford Motor Co.*, 390 F.2d 113, 115–6 (1st Cir.); *cert. denied*, 391 U.S. 914, 88 S.Ct. 1807, 20 L.Ed.2d 653 (1968). Even assuming without deciding that the plaintiff will suffer irreparable harm, injunctive relief still is not warranted herein since plaintiff has also failed to show a probability that she will succeed on the merits of this claim.

■ In an attempt to satisfy the Statute of Frauds, Mass.Gen.Laws C. 259 § 1, plaintiff relies on several letters written by the defendant which in short repudiate defendant's promise to give plaintiff her home on the grounds that the gift tax would be too great. An argument that a memorandum repudiating a contract will satisfy the Statute if it sets forth the oral contract of the party sought to be charged, *George Lawley & Son Corp. v. Buff*, 230 Mass. 21, 23, 119 N.E. 186 (1918); *Cousbelis v. Alexander*, 315 Mass. 729, 730–31, 54 N.E.2d 47 (1944); *Sennott v. Cobb's Pedigreed Chicks, Inc.*, 324 Mass. 9, 11, 84 N.E.2d 466 (1949); *Espy v. Eells*, 349 Mass. 314, 317 n. 3, 207 N.E.2d 918 (1965), does not support the plaintiff's claim herein since the memorandum in the instant case does not reveal a prior oral contract. *Cf. Tzitzon Realty Co. Inc. v. Mustoner*, 352 Mass. 648, 227 N.E.2d 493 (1967). At best, the letters can be construed as a memorandum of an unenforceable oral promise made by Mrs. Walker to give her home to the plaintiff when she no longer needed it.

■ Plaintiff next asserts that defendant is estopped from denying the enforceability of the promise upon which the plaintiff has relied. In support thereof, she argues that she cared for Mrs. Walker and her husband, that she refrained from acquiring a house and that she is now a "woman in her fifties with no hope of being able to acquire housing that she could have acquired in 1969 or 1970." This part performance and change in position in reliance on Mrs. Walker's promise are not sufficient to support an estoppel. There has been no change of position or partial performance on the part of the plaintiff which, under Massachusetts law, entitled her to a decree for specific performance. *E. g., Morse v. Winslow*, 254 Mass. 407, 150 N.E. 158 (1926); *Chase v. Aetna Rubber Co.*, 321 Mass. 721, 724, 75 N.E.2d 637 (1947).

Accordingly, it is ordered that plaintiff's application for a temporary restraining order is denied.